## Curtis Bell v. Moses Chartier, Adm'r.

1. WITNESSES—*As to Dealings with a Deceased Person.*—The fact that a witness has been an agent or representative of the deceased does not preclude him from testifying that he was present when a receipt for a sum of money was given by the deceased, and that the money mentioned in the receipt was to apply upon the note in controversy.

Assumpsit, upon a promissory note. Error to the County Court of Kankakee County; the Hon. E. B. GOWER, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed January 27, 1903.

H. L. Richardson, attorney for plaintiff in error.

W. G. Brooks and J. Bert Miller, attorneys for defendant in error.

Mr. Presiding Justice Brown delivered the opinion of the court.

This was a suit by the administrator of the estate of Thomas Evans, deceased, against Curtis Bell, upon a promissory note which he executed and delivered to decedent in his lifetime. The trial resulted in a verdict and judgment in favor of the plaintiff for the full amount of the note and accrued interest. After overruling a motion for a new trial, the court entered judgment upon the verdict and the defendant prosecuted this writ of error.

The only question presented for our consideration is whether the court erred in excluding a receipt offered in evidence by the defendant and certain proffered oral testimony in explanation thereof. The defendant alleged and sought to prove that he had made a partial payment of the note. He proved the signature of decedent to a receipt for a sum of money which recited that it was to apply on a note held by the decedent against the defendant. He then called one Arthur Frogg as a witness and sought to prove by him that he was present at the time the receipt was given, and that the money mentioned in the receipt was to apply upon the note sued upon in this case. Plaintiff objected to the oral testimony on the ground that Frogg had been the agent and representative of the deceased. The court sustained the objection and the plaintiff excepted to the ruling. The court also sustained the objection to the introduction in evidence of the receipt, on the ground that there was no evidence in the record tending to connect it with the note in question. Exception was also duly saved to this ruling of the court. Both rulings are assigned for error. We are of the opinion that the court erred in its rulings. If it had been true that Frogg had been the agent or representative of the deceased it would not have incapacitated him as a witness for defendant to prove the facts

sought to be established. But the alleged predicate for this objection, which evidently guided the court in excluding the oral testimony of Frogg, is not to be found in the record. Nowhere in the entire record is there any evidence showing or tending to show that Frogg was the agent, attorney or representative of Thomas Evans in his lifetime. Had the oral testimony thus erroneously excluded been admitted, the proper foundation would have been laid for the admission of the receipt in evidence, which would have materially reduced the amount of the verdict and judgment. For the errors indicated the judgment of the trial court will be reversed and the cause remanded.